**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ANIL KUMAR, | ) |
| | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    Case No. CIV-26-749-J |
| | ) |
| SCARLET GRANT, et al., | ) |
| | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

Petitioner Anil Kumar, a noncitizen[1] proceeding with counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1). United States District Judge Bernard M. Jones II referred the matter to the undersigned magistrate judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). The Government responded, and Petitioner replied. (ECF Nos. 13 & 14).[2] For the reasons set forth below, the undersigned recommends the Court grant habeas corpus relief and order Petitioner's immediate release.

## I.    FACTUAL BACKGROUND AND PETITIONER'S CLAIMS

Petitioner is a citizen of India who entered the United States at or near Lukeville, Arizona on or about February 24, 2023. (ECF No. 1:2). The Department of Homeland

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Mr. Kumar also filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief. (ECF No. 5). This Motion should be terminated upon the Court's adjudication of this recommendation.

Security (DHS) issued a Notice to Appear (NTA) and placed him in removal proceedings. (ECF No. 13-1). DHS charged Petitioner as removable under 8 U.S.C. § 1182(a)(6)(A)(i) of the Immigration and Nationality Act (INA).[3] (ECF No. 13-1). DHS released Petitioner on his own recognizance on February 26, 2023 and he subsequently applied for asylum. (ECF Nos. 1-1 & 13-3). On March 21, 2026, Petitioner was re-detained by ICE without any notice following an encounter with Oklahoma Highway Patrol on the Turner Turnpike. (ECF Nos 1:5-6 & 13-4).

Petitioner alleges his detention is unlawful and he raises the following grounds for relief: (1) a violation of the INA—i.e.—that he is being unlawfully detained under 8 U.S.C. § 1225(b)(2) and (2) a violation of the Fifth Amendment's Due Process clause because he was arrested and detained without prior notice and an opportunity to respond. (ECF No. 1:13). He asks this Court to grant the writ, order his immediate release, or in the alternative, order Respondent to provide him with a constitutionally adequate bond hearing before a neutral decision maker. (ECF No. 1:13). Petitioner also requests declaratory and injunctive relief as well as an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").[4] (ECF No. 1:14).

---

[3] Section 1182(a)(6)(A)(i) provides that an alien who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General are ineligible to be admitted to the United States. 8 U.S.C. § 1182(a)(6)(A)(i).

[4] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B). Thus, the Court need not address this request at this juncture.

## II.    STANDARD OF REVIEW

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III.    ANALYSIS

### A.    Petitioner's Detention was Unlawful

This Court has previously compared §§ 1225 and 1226 and decided noncitizens like Petitioner are entitled to a bond hearing under § 1226. *See, e.g.*, *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026). The Court should reach the same result in this case.

Section 1225(b)(2)(A) "unambiguously requires that an 'applicant for admission' also be 'seeking admission' for the section to control," and "'[n]oncitizens 'seeking admission' are those who have not 'effected an entry' into the United States.'" *Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *4 (W.D. Okla. Dec. 16, 2025) (quoting *Sacvin v. Anda-Ybarra*, 2025 3187432, at *3 (D.N.M. Nov. 14, 2025)). Because Petitioner effected entry into the country over two years ago, he is not subject to § 1225(b)(2)(A)'s mandatory detention requirement. Numerous Judges in this District have held likewise. *See Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *2 (W.D. Okla. Jan. 13, 2026) ("The court also agrees that § 1226(a), not § 1225(b)(2)(A), governs petitioner's detention."); *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3

(W.D. Okla. Dec. 22, 2025) ("Because Petitioner has been unlawfully living in the United States for many years without seeking admission, this provision does not apply to him. Instead, Petitioner's detention is controlled by § 1226(a)."); *Escarcega v. Olson*, No. CIV-25-1129-J, 2025 WL 3243438, at *2 (W.D. Okla. Nov. 20, 2025) ("[B]ased on the plain language of § 1225(b)(2)(A), the phrase 'seeking admission' only applies to noncitizens who are presently and actively seeking lawful entry into the United States at the border." (internal quotation marks and alterations omitted)). As well as determining that if "all 'applicants for admission' are also 'seeking admission,' then § 1225(b)(2)(A)'s inclusion of the phrase 'seeking admission' would be redundant and courts should avoid statutory interpretations that 'make[] any part [of the statute] superfluous.'" *Escarcega*, 2025 WL 3243438, at *3 (quoting *Fuller v. Norton*, 86 F.3d 1016, 1024 (10th Cir. 1996)).

Petitioner's asylum request does not change this outcome. Judges in this district have "declined to find" that either refusing to voluntarily depart or seeking asylum "'constitutes 'seeking admission' for purposes of this subsection.'" *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026) (quoting *Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *1 (W.D. Okla. Jan. 2, 2026)); *see also Li v. Grant*, No. CIV-25-1426- HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) (finding "§ 1225(b)(2)(A) does not apply even though petitioner filed an application for asylum").

When Petitioner was detained after residing in the country for over two years, he was not subject to mandatory detention under § 1225(b)(2)(A). Instead, Petitioner is

subject to § 1226, and was "entitled to a prompt bond hearing before an immigration judge." *Coreas v. Noem*, 2026 WL 541151, at *2 (W.D. Okla., Feb. 26, 2026).

### B.    Respondents violated the INA

Section 1226(a) sets forth "the default rule" for detaining noncitizens "already in the country." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226(a) authorizes the arrest and detention of noncitizens, "on a warrant issued by the Attorney General . . . pending a decision on whether [they are] to be removed." 8 U.S.C. § 1226(a). When the government promulgates regulations "with the force and effect of law," agencies are bound to follow their own "existing valid regulations." United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 265, 268 (1954). And pertinent to Petitioner's claims, "[t]he statutes and regulations governing immigration and removal proceedings afford important procedural safeguards to detainees." *Villanueva v. Tate*, 801 F. Supp. 3d 689, 698-99 (S.D. Tex. 2025).

For his procedural due process and unlawful detention claims, Petitioner argues that he received no notice or opportunity to respond to the reasons for why his release was being revoked.

As to the revocation of Petitioner's parole, the Secretary of Homeland Security and the immigration officials listed in 8 C.F.R. § 236.1(c)(9) have broad discretion to revoke such bond or parole "at any time . . . ." But with that discretion comes responsibility. After an authorized official exercises discretion to revoke the bond granted under 8 U.S.C. § 1226(a), the noncitizen is to be rearrested under the original warrant. See id. § 1226(b) ("The [Secretary of Homeland Security] at any time may revoke a bond or parole

authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien."). No evidence in the record indicates that any authorized official chose to exercise their discretion to revoke Petitioner's release. That alone is sufficient to find that proper procedures were not followed in effectuating Petitioner's detention.

Petitioner's initial release reflects a determination by the IJ that he posted neither a flight risk nor a danger to the community. *See Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *7 (N.D. Cal. Sept. 12, 2025) ("Ms. Salcedo Aceros was release in accordance with . . . § 1226 of the [INA] and the applicable provisions of Title 8 of the Code of Federal Regulations. Under federal regulation, DHS was authorized to release her under § 1226 only upon a determination that such release would not pose a danger to property or persons and that she was likely to appear for any future proceeding.") (alteration omitted) (internal citation and quotation marks omitted) (citing 8 C.F.R. § 1236.1(c)(8)). Thus, DHS may generally not re-arrest a previously released noncitizen "absent a change in circumstances." *Id.* at *1 (first citing *Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021) and then citing *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017)).

Further, there is no evidence that Petitioner was arrested pursuant to his original warrant of arrest. And there is no dispute Petitioner did not receive an individualized bond hearing. Under federal regulations, noncitizens detained under § 1226(a) are entitled to individualized bond hearings at the "outset of detention." *Jennings*, 583 U.S. at 306. Consequently, Respondents' re-detention of Petitioner violated the INA. Based on this

record, the Court concludes Respondents violated the INA when they summarily revoked Petitioner's release.

**C.    Respondents Violated Petitioner's Due Process Rights when They Summarily Revoked his Release**

"The Fifth Amendment's Due Process Clause forbids the Government to deprive any person of liberty without due process of law." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (internal quotation marks and alterations omitted). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.*; *cf. Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (internal quotation marks omitted)). Individuals who have been conditionally released from detention have a protected interest in their "continued liberty." *Young v. Harper*, 520 U.S. 143, 147 (1997). "This is true even when the released individual is subject to extensive conditions of release." *Villanueva*, 801 F. Supp. 3d at 704.

This Court analyzes Petitioner's due process claim to determine whether he has a protected liberty interest under the Due Process Clause, and what process is necessary to ensure any deprivation of that liberty interest aligns with the Constitution. *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

In examining the necessary process, the Court turns to the three factors set forth in *Mathews v. Eldridge*: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3)

"the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. 319, 335 (1976).

"When the government grants [a noncitizen] parole into the country, it creates a liberty interest intimately tied to freedom from imprisonment." *Sanchez v. LaRose*, 2025 WL 2770629, at *3 (S.D. Cal. Sept. 26, 2025); *see also Iza v. Arnott*, 2026 WL 67152, at *3 (W.D. Mo. Jan. 8, 2026) ("Individuals released on parole or other forms of conditional release have a liberty interest in their 'continued liberty.'" (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972))). Petitioner's interest in physical freedom "is the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004).

Turning to the *Mathews* factors, the Court finds that Petitioner has a significant private interest in remaining free from detention after spending more than two years on release. To be sure, "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Demore v. Kim*, 538 U.S. 510, 522 (2003). But that power remains "subject to important constitutional limitations." *Zadvydas*, 533 U.S. at 695. And it does not erase Petitioner's significant interest in remaining free from detention.

Respondents do not challenge Petitioner's assertions that he was released in November 2023. During his two-plus years of release, his interest in release grew even stronger as he presumably "form[ed] the other enduring attachments of normal life." *Morrissey*, 408 U.S. at 482. The first *Mathews* factor favors Petitioner.

Second, the Court considers "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute

procedural safeguards." Mathews, 424 U.S. at 335. The risk of an erroneous deprivation of Petitioner's liberty interest is considerable where he has received no notice of the reason for his release revocation and simple procedures exist that would mitigate those risks.

"Constitutionally inadequate notice also often leads to constitutionally inadequate opportunity to be heard, because opportunity to be heard must be meaningful to be constitutionally sufficient." *Saqib v. Andrews*, 2026 WL 350830, at *6 (E.D. Cal. Feb. 9, 2026). Nothing in the record shows that Petitioner received any procedural safeguards to determine whether the revocation of his release and his detention were justified. And thus Respondents detained him without any stated cause. This factor weighs in Petitioner's favor. *See, e.g.*, *E.A. T.-B v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025) ("That the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process.").

Finally, the Court considers the Government's interest, including any fiscal or administrative burdens. *Mathews*, 424 U.S. at 335. "While this Court recognizes that the government has an interest in enforcing immigration laws, the government's interest in re-detaining [P]etitioner without adequate notice and an opportunity to challenge the revocation of his release is low." *Saqib*, 2026 WL 350830, at *6; *see, e.g., Diaz v. Kaiser*, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) ("[T[he Court concludes that the government's interest in re-detaining Petitioner[ ] . . . is 'low,' particularly in light of the fact that Petitioner[ ] has long complied with his reporting requirements."). And the Court

can discern no significant administrative or fiscal burden associated with placing the burden on the government to follow its own regulations. *See, e.g.*, *Iza*, 2026 WL 67152, at \*3 ("An alien's opportunity to be heard regarding the revocation of his parole is only meaningful if the government comports with its own internal standards regarding parole revocation."). Especially given that Petitioner's detention was deemed not necessary for over two years.

###   D.   The Appropriate Remedy is Release

The undersigned concludes Respondents breached the INA and violated Petitioner's due process rights when they summarily revoked his release. The Court next turns to the appropriate remedy.

"Federal courts are authorized under 28 U.S.C. § 2243 to 'dispose of [a habeas petition] as law and justice require'" and thus possess "broad discretion to craft appropriate habeas relief[.]" *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012) (quoting *Douglas v. Workman*, 560 F.3d 1156, 1176 (10th Cir. 2009)); *see also Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "'possesses power to grant any form of relief necessary to satisfy the requirement of justice'" (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)) (emphasis added by *Burton*).

Given the Government's conduct here, release is warranted. *See* ECF No. 15:2-3, *Skutar v. Mullin*, CIV-26-0036-HE (W.D. Okla. Apr. 24, 2026) (Order adopting Report and Recommendation) (ordering Petitioner's immediate release and stating "[w]hile the Attorney General has authority to revoke bond 'at any time' under 8 U.S.C. § 1226(b), 'if an immigration judge has determined the noncitizen should be released, the DHS may

not re-arrest that noncitizen absent a change of circumstance[s].'") (quoting *Salcedo Aceros*, 2025 WL 2637503, at *1); *Singh v. Carnes*, 2026 WL 446579, at *1 (D.N.M. Feb. 17, 2026) (ordering release where the Government "failed to articulate a legitimate interest in Petitioner's continued detention"); *Alfaro Herrera v. Baltazar*, 2026 WL 91470, at *1 (D. Colo. Jan. 13, 2026) (same).

Based on these findings, the undersigned recommends the Court grant the habeas corpus petition and release Petitioner from detention subject to the same conditions that governed his earlier parole.

## IV.     RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **GRANT** the Petition for habeas relief and order his immediate release from custody subject to the terms of his unlawfully revoked release. The undersigned further recommends that the Court order Respondents submit a declaration pursuant to 28 U.S.C. § 1746 affirming that Petitioner has been released from custody within five business days of the Court's order.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **June 22, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **June 25, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *Casanova v. Ulibarri,* 595 F.3d 1120, 1123 (10th Cir. 2010).

## V.    STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on June 15, 2026.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE