**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

ANIL KUMAR,                                            )
                                                       )
        Petitioner,                                )
                                                       )
v.                                                     )    Case No. CIV-26-749-J
                                                       )
SCARLET GRANT, et al.,                                 )
                                                       )
        Respondents.                               )

## <u>ORDER</u>

Petitioner, a citizen of India, entered the United States in February 2023. Removal proceedings began the same month, and Immigration and Customs Enforcement (ICE) released Petitioner on his own recognizance. Petitioner subsequently applied for asylum. In March 2026, ICE revoked Petitioner's release without any notice or an opportunity to respond and re-detained him following an encounter with Oklahoma Highway Patrol. He remains in ICE custody, and, on that ground, filed a Petition for Writ of Habeas Corpus. [Doc. No. 1].

The matter was referred to United States Magistrate Judge Shon T. Erwin who has issued a Report and Recommendation recommending that the Court: (1) grant the Petition for habeas relief and order Petitioner's immediate release from custody subject to the terms of his unlawfully revoked release; and (2) order Respondents to submit a declaration pursuant to 28 U.S.C. § 1746 affirming that Petitioner has been released from custody within five business days of the Court's Order. (Rep. & Rec.) [Doc. No. 15]. Respondents filed a timely Objection (Obj.) [Doc. No. 16], triggering de novo review as to the portions of the Rep. & Rec. to which a specific objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023). Petitioner filed a response to Respondents' Objection (Resp.) [Doc. No. 17].

Respondents object only to Judge Erwin's conclusion that 8 U.S.C. § 1226(a) controls Petitioner's detention. *See generally* Obj. Although employing a de novo review, the Court declines to engage in lengthy analysis. This Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation. *See Ramirez v. Johnson,* No. CIV-26-426-J, 2026 WL 1683139, at \*1 (W.D. Okla. June 10, 2026); *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at \*2 (W.D. Okla. Feb. 26, 2026) (collecting cases). Unless the Tenth Circuit and/or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted.

Respondents did not, however, object to Judge Erwin's separate conclusion that Petitioner is entitled to release because Respondents improperly revoked his release without due process as required by the Fifth Amendment. Rep. & Rec. at 7–11; *see also* Resp. at 2 ("Respondents' objections fail to address the independent grounds upon which the magistrate judge recommended habeas relief."). Respondents have therefore waived the right to appellate review of the factual and legal issues addressed in the Report and Recommendation on this issue. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010). Accordingly, the Report and Recommendation [Doc. No. 15] is ADOPTED in full and Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] is GRANTED. Respondents are ORDERED to immediately RELEASE Petitioner from custody subject to the terms of his unlawfully revoked release. The Court further ORDERS Respondents to submit a declaration pursuant to 28 U.S.C. § 1746 affirming that Petitioner has been released from custody within five business days of the date of this Order.

A separate judgment will enter.

2

IT IS SO ORDERED this 26th day of June, 2026.

_____
BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE